UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOE DEE STANG<br><br>Defendant. | Case No. 4:93-cr-00004-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Joe Dee Stang's pro se Motion for a Bill of Particulars. Dkt. 60. The Government does not oppose the motion. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

Joe Stanger is currently housed at FCI Sheridan for charges unrelated to the charges once before this Court. In 1993, Stang Pled guilty to one count of ARMED BANK ROBERY, 18 U.S.C. §§ 2113(a) and (d), and one count of CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, 18 U.S.C. §§ 924(c)(1) and 2113(a) and (d). Dkt. 12. Stang was sentenced to 33 months on count one and a consecutive sentence of 60 months on count two. *Id.*

After serving his sentence, Stang successfully completed the terms of his supervised release and the case was terminated in 2002. Dkt. 16.

Since the case in Idaho was terminated against him, Stang has made multiple motions seeking certain transcripts, copies of documents, and for amending his presentencing report. Dkts. 18-20, 23, 26, 27, 31, 50, 54, and 55. Stang now requests this court to produce a detailed account of his charges including a clarification that "Defendant did not hold/brandish in any threatening manner a gun in commission of the aforementioned crime." Dkt. 60. For the following reasons, the court will DENY his motion.

## ANALYSIS

Stang's request is grounded on an assertion that such a clarification will allow him to properly prepare for filing a writ of Habeas Corpus in the District of Oregon where he is currently serving a sentence on unrelated charges.

Despite not directly asking this court to amend his presentencing report from 1993, Stang's request asks the court to effectively do just that. In the presentencing report, there are factual findings regarding Stang's use of a gun during the commission of his crime, including reference to brandishing it and pointing it at a bank employee. Dkt. 43. As this Court has stated twice before, if Stang wished to challenge factual allegation contained in his presentence report, the proper time to

do so was within fourteen days of the filing of the draft report with the Courts in 1993. The Court will, for the third time, tell Mr. Stang, that he cannot at this point in time seek, directly or indirectly, to challenge factual allegations contained in his presentence report.

## ORDER

**IT IS ORDERED that** Defendant's Motion for a Bill of Particulars (Dkt. 60) is **DENIED**.

DATED: July 9, 2021

B. Lynn Winmill
U.S. District Court Judge